(38 Misc. Rep. 509.)

**In re BOARD OF PUBLIC IMPROVEMENTS OF CITY OF NEW YORK.**

(Supreme Court, Special Term, New York County. July, 1902.)

1. COMMISSIONERS OF ESTIMATE—APPOINTMENT OF CLERK.

    Commissioners of estimate appointed in 1901, under the charter of the city of New York (Laws 1897, c. 378, subc. 21), to acquire title to lands by condemnation proceedings, are entitled, under the direct provision of section 1447 of the charter as it stood in 1901, to appoint their own clerk, and the corporation counsel of the city cannot compel them to accept one furnished by him under Laws 1896, c. 393, § 1.

In the matter of the application of the board of public improvements of the city of New York to acquire title to certain land. Motion for the taxation of a bill of expenses for the services of a clerk to commissioners of estimate. Granted.

Thomas E. Rush, for the motion.

George L. Rives, Corp. Counsel (Charles N. Harris, of counsel), opposed.

GIEGERICH, J. This motion is made for the taxation of a bill of expenses for the services of a clerk to the commissioners of estimate appointed in a proceeding commenced in 1901 to acquire land for the location of suspension bridge No. 4 over the East river. The commissioners appointed their own clerk, refusing to accept the one designated by the corporation counsel and the comptroller, and the question presented is whether or not the commissioners possessed the authority which they assumed to exercise. Section 1 of chapter 393 of the Laws of 1896 provided as follows:

"In all proceedings which are now pending or which may hereafter be instituted for the acquisition of any right, title or interest in any property for public purposes by the city of New York, or for the extinguishment of any interests therein, it shall be the duty of the counsel to the corporation to furnish to the commissioners of estimate and assessment, or commissioners of appraisal, or such other commissioners as may have been or may be appointed in any such proceeding wherein clerks and surveyors have not already been appointed, such necessary clerks, surveyors and other employees, and to provide such suitable offices as they may require to enable them to fully and satisfactorily discharge the duties imposed upon them, and said counsel to the corporation shall, either in person or by such assistant or counsel as he shall designate for that purpose, appear for and protect the interests of the city before said commissioners and in court."

Section 1608 of the Greater New York charter (chapter 378, Laws 1897) reads as follows:

"The act of the legislature of the state of New York, passed July, first, eighteen hundred and eighty-two, known as the New York city consolidation act of eighteen hundred and eighty-two, and acts amendatory thereof, and supplemental thereto, and other acts of the legislature of the state of New York now in force relating to or affecting the local government of the city of New York, as heretofore constituted, are hereby repealed so far as any provisions thereof are inconsistent with the provisions of this act, or so far as the subject matter thereof is revised or included in this act, and no further. So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act, or of other acts of the legislature now in force relating to or affecting the municipal and public corporations, or any of them herein united and consolidated, this act is intended to be not a new enactment, but a continuation of the said consolidation act of eighteen hundred and eighty-two, and said other acts, and is intended to apply the provisions thereof as herein modified to the city of New York as herein constituted, and this act shall accordingly be so construed and applied."

This proceeding was instituted under chapter 21 (being sections 1435–1448, c. 378, Laws 1897), which chapter, as its title denotes, relates, as did chapter 393 of the Laws of 1896, to "the acquisition of lands and interests therein for public purposes." Section 1447 thereof reads in part as follows:

"The amounts of the awards made in a proceeding brought under this chapter for the value of lands and interests therein taken hereunder, shall be paid out of the fund created by the act authorizing the acquirement of the said lands or interests therein, and the money for the payment thereof, together with the fees of the commissioners of estimate, the compensation of such necessary clerks or assistants as they may employ, and all other

necessary expenses in and about the special proceeding instituted under this chapter, including the fees of counsel employed by the corporation counsel in the proceeding, and all other reasonable expenses incurred by said corporation counsel in the conduct of said proceeding, shall be also paid out of the said fund so provided."

It should be observed that the provision of section 1 of chapter 393 of the Laws of 1896, above quoted, clothing the corporation counsel with power to furnish the necessary clerks, is not only not retained in chapter 21, in which the "subject matter" (see language of section 1608, supra) of chapter 393 is "revised," but it affirmatively appears from section 1447 that this power is given to the commissioners themselves in the provision for the compensation of "such necessary clerks and assistants as they [the commissioners] may employ." The conclusion that chapter 393 of the Laws of 1896 was, within the meaning of section 1608 above quoted, "revised and included" in chapter 21 of the Greater New York charter (being sections 1435–1448, c. 378, Laws 1897), is strengthened by a comparison of section 1447, above quoted, with section 2 of chapter 393 of the Laws of 1896, which reads as follows:

"The fees of said commissioners and their lawful expenses heretofore or hereafter accrued, and such necessary expenses and disbursements which the mayor, aldermen and commonalty of the city of New York have incurred or shall hereafter incur in and about any such proceeding shall be paid by the comptroller of said city out of moneys to be raised in the manner provided by law in each case for the acquisition of said property or the extinguishment of any interest therein, and shall be included in and taxed by the court upon due proof of the services rendered and disbursements charged as a part of the necessary expense of said proceeding, but no such expenses and disbursements shall be paid until they have been taxed before a justice of the supreme court in the First judicial district upon five days' notice to the counsel of the corporation. The fees of all commissioners of estimate and assessment, or commissioners of appraisal, or of other commissioners in any such proceeding, shall be taxed and allowed at the rate provided by the statute under which said commissioners shall have been appointed."

It will be seen, therefore, that not only did the Revision of 1897 omit the language contained in section 1 of chapter 393 giving this power of appointment to the corporation counsel, but it also included in section 1447 of the Revision an authority to the commissioners to make such appointment by language which is found neither in section 2 of chapter 393, which corresponds in the main to section 1447, nor in any other part of that chapter. We thus have both an omission from the old statute and an addition in the new which show plainly a legislative intention to change the law on that point, and to take this power of appointing clerks in such cases from the corporation counsel and lodge it with the commissioners. This conclusion is corroborated by the fact that the charter in its original form (Laws 1897, c. 378), in section 997 thereof, which remains unchanged, expressly grants to the corporation counsel this power to furnish clerks to commissioners in a quite different class of proceedings, viz., those brought to "open, widen, extend, alter or close any street, park or parkway" (see section 1448, Greater New York Charter); while in its present and revised form (Laws 1901, c. 466) a similar provision has been made with respect to the proceedings embraced in sections 1435 to 1448 thereof,

namely, those brought for "the acquisition of lands and interests therein for public purposes," by adding to section 1446 a sentence expressly granting to the comptroller a similar power to furnish such clerks for commissioners in proceedings of the character here in question.    It is true that the language of section 1447, above quoted, has not been materially changed in the Revision of 1901; but it will be time to pass upon this apparent conflict (arising from a seeming grant of the same power to both the comptroller and the commissioners) when a case is presented instituted under the charter in its present form.    Sufficient for the present to say that, as against any implied continuance and incorporation into the charter of 1897 of the power conferred on the corporation counsel by section 1 of chapter 393 of the Laws of 1896, the language of section 1447, above quoted, should be construed as giving such power to the commissioners, whatever effect it may have as against the specific provision on the point added to section 1446 in the Revision of 1901.    The only question remaining for consideration concerns the amount to be allowed the clerk for his services.    The commissioners have fixed his compensation at $250 per month, and Ex-Judge Charles Donohue, the chairman, has certified that the services were necessary and were reasonably worth the amount named. An affidavit is presented in opposition stating that, in another case of similar character, but claimed to entail more work upon the clerk, the amount paid is only $100 per month, and urging that in any event the allowance in this case should not exceed that sum.    It is also pointed out that the clerk will, if allowed $250 per month, be receiving more than the commissioners, at the rate of $10 for each session so far held. Conceding that there is any necessary relation of quantity between the services of the commissioners and those of the clerk, I cannot assume that their services have been confined to the days on which hearings have been held, as certainly the clerk's have not been, as appears by the detailed statement in the moving papers of the work he has performed.    Upon all the facts presented, including the certificate of the chairman, who has such complete knowledge of the extent and character of the duties performed, I do not feel warranted in reducing the amount.    Motion granted, and the bill of expenses taxed as presented.

Motion granted.